**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARY W. BARTON,

             Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,

             Defendant - Appellee.

No. 11-36027

D.C. No. 3:11-cv-05206-JPD

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted December 4, 2012[**]
Seattle, Washington

Before: SCHROEDER, McKEOWN, and TALLMAN, Circuit Judges.

    Claimant Mary Barton appeals from the judgment of the district court

affirming the Commissioner's final decision that Barton was not disabled under

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Title II of the Social Security Act. Barton argues that the ALJ erred in assessing her credibility, erred in giving little weight to the opinion of her treating physician Dr. Sharman Hurlow, M.D., and improperly discounted the opinions of lay witnesses. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This Court reviews de novo a district court's order affirming the Commissioner's denial of social security benefits and reverses only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). The evidence must be "more than a mere scintilla," but may be less than a preponderance. *Id.* The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Reviewing the Commissioner's decision in light of the record, we hold that the ALJ's findings regarding Barton's credibility, the opinion of Barton's treating physician, and the lay witness testimony were supported by substantial evidence and were not based on legal error. The ALJ's finding that Barton contradicted herself in her testimony is a specific, clear, and convincing basis supporting the adverse credibility determination. *Smolen v. Chater*, 80 F.3d 1273, 1283–84 (9th Cir. 1996). Contradictions between Dr. Hurlow's treatment notes and subsequent opinion provide sufficient bases for giving little weight to the physician's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ's finding that the lay opinion testimony conflicted with the medical evidence was a "germane reason[]" for rejecting this testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

**AFFIRMED.**